## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MATTHEW KOHEN, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

CHILDRENS ATHLETIC DEVELOPMENT ASSOCIATION, INC. a not for profit corporation,

       Defendant.

_____/

CASE NO:

**CLASS ACTION**

## CLASS ACTION COMPLAINT

Plaintiff, Matthew Kohen (hereinafter "Plaintiff"), individually, and on behalf of all those similarly situated, by and through his undersigned counsel, brings this class action against Defendant, Childrens Athletic Development Association, Inc. (hereinafter "Defendant"), alleging violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, and in support thereof states as follows:

### I.    INTRODUCTION

1.    This is a class action stemming from Defendant's invasion of privacy, which violated the TCPA. Specifically, Defendant sent unsolicited, invasive, advertising text-messages, using an autodialer to the cellphones of Plaintiff and the class.

2.    Defendant owns and operates sports camps in New Jersey and, in its persistent efforts to advertise solicit business, Defendant regularly engages in these text-message-advertising campaigns, without regard for the law or consumers' privacy rights.

3.    Plaintiff seeks to enjoin Defendant's illegal conduct, which has resulted in an invasion of privacy, and disruption of the daily lives of hundreds or thousands of individuals, and

[1717325/1]                                    1

seeks statutory damages on behalf of himself and members of the Class as defined below, as well as any other available legal or equitable remedies.

## II.     PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Miami Dade County, Florida.

5.      Defendant is a New Jersey Corporation with its principal place of business at 1233 East 7th Street., Brooklyn, NY 11230. Childrens Athletic Development Association, Inc's registered agent for service of process is Victor Gindi, 1754 East 4th Street, Brooklyn, New York 11223.

6.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.[1]

7.      This Court has personal jurisdiction over Defendant and venue is proper because the events giving rise to Plaintiff's claims occurred in Miami-Dade County, including the unwanted text-messages that Defendant sent or caused to be sent to Plaintiff's cellular phone using an automatic telephone dialing system.

## III.     THE TELEPHONE CONSUMER PROTECTION ACT

8.      The TCPA regulates and restricts the use of automatic telephone dialing or texting systems ("ATDS") to protect against harassing invasions of privacy. These ATDS devices allow Defendant to send hundreds or thousands of text-messages almost instantly, without regard to the identity, consent, or privacy of the recipients.

9.      Specifically, the TCPA provides that it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States,

---

[1] *See Mims v. Arrow Fin. Services., LLC*, 132 S. Ct. 740, 744 (2012).

to make any call using an ATDS to any telephone number assigned to a cellphone other than a call made for emergency purposes or made with the prior express consent of the called party.

10.     Importantly, consumers are entitled to the same consent-based protections for text-messages as well as calls.

11.     Defendant bears the burden of showing that it obtained Plaintiff's prior express written consent before sending him the text-messages, and must show that a clear, unambiguous, and conspicuous written disclosure was provided to the individual.

## IV.    FACTS

12.     Plaintiff is and the Class member are "persons" as broadly defined by 47 U.S.C. § 153(39).

13.     Defendant, in order to advertise, promote, and solicit business, obtained the cellphone numbers of Plaintiff and the Class members.

14.     Regardless of how Defendant obtained the numbers, Defendant did not obtain the required express written consent to place calls or send text-messages to Plaintiff or the Class.

15.     Despite lacking the requisite consent, Defendant then proceeded to send or cause to be sent unsolicited telemarketing text-messages to Plaintiff and the Class, using automatic telephone dialing equipment.

16.     Defendant sent Plaintiff over ten (10) unsolicited, automatic text-messages, including on October 9, 2017, November 22, 2017, twice on November 28, 2017, February 12, 2018, and February 13, 2018.

 

17.     The incessant text messages Plaintiff received came from phone number 313131.

18.     This six-digit, non-conventional phone number or "Short Code" indicates that Defendant used an Automatic to Peer ("A2P") technology, which is the precise type of ATDS technology that the TCPA regulates.

19.     The generic nature of Defendant's text-messages, combined with the large number of messages sent by Defendant, further demonstrates that Defendant utilized an ("ATDS") to send the text-messages.

20.     As seen in the images above, not only did Defendant sends these unsolicited text-messages without prior express consent, but Defendant gave Plaintiff and the class no method by which to opt-out of receiving the text-messages.

21.     Defendant's method of publishing material to potential consumers violated the privacy rights of those consumers.

22.     As a result of Defendant's TCPA violations, Plaintiff and the class suffered damages including, without limitation, invasion of privacy.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), on behalf of himself and a Class of others similarly situated defined as follows:

> **All persons in the United States to whom Defendant, Childrens Athletic Development Association, Inc sent Text-Messages on their cellular telephone number**

*Plaintiff anticipates the need to amend the class definition as discovery progresses*

24.     The following are excluded from the Class: 1) Defendant and their employees or agents; 2) Plaintiff's attorneys and their employees; 3) the Honorable Judge to whom this action is assigned and any member of the Judge's staff and immediate family; 4) claims for personal injury, wrongful death, and/or emotional distress.

25.     *Numerosity*: The exact number of Class members is unknown and not readily available to Plaintiff at this time, but it is evident that joinder is impracticable. Based upon information and understanding, Defendant has sent automated text-messages to the cellphones of thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is

impracticable. Members of the Class can be identified, and Class membership ascertained, objectively through Defendant's records.

26.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class in that both Plaintiff and the Class sustained damages arising out of Defendant's uniform policies pertaining to sending automatic text-messages without obtaining prior express consent.

27.    **Commonality**: There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

      i.    Whether Defendant made non-emergency text-messages to Plaintiff's and Class members' cellular telephones using an ATDS;

      ii.    Whether Defendant can meet their burden of showing that they obtained prior express written consent to send the text-messages at issue;

      iii.    Whether Defendant's conduct was knowing and willful;

      iv.    Whether Defendant are liable for damages, and the amount of such damages; and

      v.    Whether Defendant should be enjoined from such conduct in the future.

The common questions in this case will have common answers. If Plaintiff's claim that Defendant routinely transmit text-messages to cellphones without obtaining prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

28.    **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and Defendant has no defenses unique to Plaintiff. Plaintiff has retained counsel competent and experienced in complex class actions and has no interest antagonistic to those of the Class'.

29.    **Superiority & Manageability**: Class proceedings in the instant matter are superior to all other available methods to ensure fair and efficient adjudication because joinder of all parties

is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendant's misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court; economies of time, effort and expense will be fostered and uniformity of decisions ensured.

30. *Ascertainability:* Members of the class will be easily ascertained through Defendant's records, or the records of their agents.

**COUNT I**
**VIOLATION OF THE TCPA. 47 U.S.C. § 227(b)**

Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1-30 as if fully set forth herein.

31. Defendant used or caused to be used equipment having the capacity to dial numbers without human intervention to send telemarketing text messages to the cellular telephones of Plaintiff and the other members of the Class defined above.

32. These text messages were sent without the prior express written consent of Plaintiff and the class.

33. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an ATDS to send non-emergency text messages to the cellular telephones of Plaintiff and the other members of the Class without their prior express consent.

[1717325/1]                    7

34.    As a result of the forgoing, Plaintiff and the class suffered damages, including invasion of privacy.

35.    Pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiff, Matthew Kohen, on behalf of himself and all others similarly situated, prays the Court for an Order awarding:

**a.**    $500.00 in statutory damages for each violation of the TCPA;

**b.**    A permanent injunction prohibiting Defendant from using an automatic telephone dialing system to call and text-message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

**c.**    Litigation costs; and

**d.**    Such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff and the class respectfully requests a jury trial on all issues to triable.

Respectfully submitted this 11th day of May 2018, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:    jshaw@zpllp.com
Secondary Email: mperez@zpllp.com

By _____
JORDAN A. SHAW, ESQ.
Fla Bar No. 111771
KIMBERLY A. SLAVEN
Fla. Bar No. 117964